**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ORLANDO LEBRON,

    Plaintiff,

v.                                                     Case No. 3:14-cv-359-J-32MCR

FLA. DEP'T OF CORR., et al.,

    Defendants.

## **ORDER**

Plaintiff is an inmate of the Florida Department of Corrections (hereinafter FDOC) who is incarcerated at Suwannee Correctional Institution. He initiated this case by filing a "Motion to Grant Restraining Order" (Doc. #1). Plaintiff asserts that he intends to file a civil rights complaint concerning a use of excessive force on March 6, 2014; however, he has been unable to exhaust his administrative remedies with respect to this claim due to retaliatory acts by prison officials. He seeks a temporary restraining "so that the plaintiff may exhaust his administrative remedies properly through the necessary channels without reprisal of any sort." Motion to Grant Restraining Order at 1-2.

As an initial matter, Plaintiff's Motion to Grant Restraining Order is due to be denied for his failure to comply with the strictures of Fed. R. Civ. P. 65(b) and Local Rule 4.05(b). Specifically, he failed to file a brief or legal memorandum is support of his Motion to Grant Restraining Order. Additionally, he did not prepare a proposed form of temporary restraining order in accordance with the requirements contained in Rule 65 of the Federal Rules of Civil Procedure. Plaintiff also failed to set forth facts on which the Court can make a reasoned

determination as to the amount of security which must be posted pursuant to Fed. R. Civ. P. 65(c).

Moreover, upon review of the record, Plaintiff is not entitled to the relief he seeks.

> A TRO or preliminary injunction is appropriate where the movant demonstrates that:
> (a) there is a substantial likelihood of success on the merits;
> (b) the TRO or preliminary injunction is necessary to prevent irreparable injury[1];
> (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and
> (d) the TRO or preliminary injunction would not be a[d]verse to the public interest.
> See Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985).

Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam) (footnote omitted).  The movant must clearly establish the burden of persuasion as to all four prerequisites.  See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).  Plaintiff has not even addressed, let alone met his burden of persuasion, as to these four prerequisites for injunctive relief.  Thus, the Motion to Grant Restraining Order will be denied; however, the Court will direct the Clerk to send a copy of the Motion to Grant Restraining Order and this Order to the Warden of Suwannee Correctional Institution and

---

[1] The Eleventh Circuit has "emphasized on many occasions, the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel v. LePore, 234 F.3d 1163, 1176-77 (11th Cir. 2000) (per curiam) (quoting Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990)).

2

the Inspector General for the FDOC for whatever action may be deemed appropriate in light of Plaintiff's allegations.

Finally, insofar as Plaintiff may be attempting to raise claims regarding the conditions of his confinement, he has failed to use the appropriate civil rights complaint form to present his claims. He has also failed to either pay the $400.00 filing fee or file a request to proceed as a pauper. Thus, this case will be dismissed without prejudice to Plaintiff's right to properly initiate a civil rights case to address any allegedly unconstitutional conditions of his confinement, if he so desires. If Plaintiff remains unable to exhaust his administrative remedies and decides to file a complaint, he may explain within the body of the complaint why it was not possible to exhaust his administrative remedies.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Plaintiff's Motion to Grant Restraining Order (Doc. #1) is **DENIED**.

2. This case is **DISMISSED WITHOUT PREJUDICE**.

3. The **Clerk** shall enter judgment dismissing this action without prejudice and close this case.

4. The **Clerk** shall send a "Civil Rights Complaint Form," an "Affidavit of Indigency" form, and a "Prisoner Consent Form and Financial Certificate" to Plaintiff. If Plaintiff elects to initiate a civil rights action in a separate case, he may complete and submit these forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to file a civil rights case. In initiating such a case,

Plaintiff should **either** file a fully completed "Prisoner Consent Form and Financial Certificate" and "Affidavit of Indigency" **or** pay the $400.00 filing fee.

5. The **Clerk** shall mail a copy of Plaintiff's Motion to Grant Restraining Order (Doc. #1) and this Order to the Warden of Suwannee Correctional Institution and the Inspector General for the FDOC for whatever action may be deemed appropriate in light of Plaintiff's allegations.

**DONE AND ORDERED** at Jacksonville, Florida this 7th day of April, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

ps 4/2
c:
Orlando Lebron